

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

**TRISH M. BROWN**
CHIEF JUDGE

1001 S.W. FIFTH AVENUE, # 700
PORTLAND, OREGON 97204
(503) 326-1592

STEPHEN A. RAHER
LAW CLERK

SUZANNE M. MARX
JUDICIAL ASSISTANT

December 27, 2016

Robert J. Vanden Bos
Vanden Bos & Chapman, LLP
319 SW Washington St., Suite 520
Portland, OR 97204

Carla Gowen McClurg
Office of the U.S. Trustee
620 SW Main St., Room 213
Portland, OR 97205

Re:  *U.S. Trustee v. Moffenbeier*, Adversary Proceeding No. 16-3090-tmb
*In re Moffenbeier*, Case No. 16-31315-tmb7
Debtors' Motion for Partial Summary Judgment

Counsel:

This matter came before the court on the motion of David and Elizabeth Moffenbeier ("Debtors") for partial summary judgment (the "Motion," ECF No. 17). In reaching my decision, I carefully reviewed the Motion, the parties' memoranda in support and opposition thererto, and the supporting statements of material fact. I also read applicable legal authorities, both as cited by the parties and as located through my own research.

The third claim for relief pleaded in the U.S. Trustee's complaint seeks to deny Debtors a discharge under § 727(a)(4)(A) due to four allegedly false statements made under oath during a Rule 2004 examination. Debtors move for summary judgment as to two of those four statements. Specifically, Debtors argue that the allegations in paragraphs 61(a) and (b) of the complaint fail to state a claim for denial of discharge. The statements described in those two paragraphs concern when the Debtors received an offer to purchase their former residence.

Denial of a discharge under § 727(a)(4)(A) is appropriate where the plaintiff has shown "(1) the debtor knowingly and fraudulently made a false oath; and (2) the false oath related to a material fact." *Fogal Legware of Switzerland v. Wills (In re Wills)*, 243 B.R. 58, 62 (9th Cir. BAP 1999). A fact is material "if it bears a relationship to the debtor's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of the debtor's property." *Id.* On the other hand, "a false statement or omission that has no impact on a bankruptcy case is not material and does not provide grounds for denial of a discharge under § 727(a)(4)(A)." *Khalil v. Developers Sur. & Indem. Co. (In re Khalil)*, 379 B.R. 163, 172 (9th Cir. BAP 2007).

The parties focus their arguments on the materiality of the allegedly false statement, rather than Debtors' intent. Debtors argue that any misstatements were not material to the administration of this bankruptcy case because the sale was clearly and accurately disclosed in the Debtors' Statement of Financial Affairs ("SOFA"), and Debtors accurately responded to the trustee's questions about the timing of the sale that were raised at the § 341(a) meeting of creditors.[1]

The fact at the heart of this dispute is when the Debtors received the offer to purchase their home. For purposes of this motion, I must draw all reasonable factual inferences in favor of the U.S. Trustee; therefore, at this point I must assume that Debtors willfully concealed the timing of the offer. The U.S. Trustee argues that Debtors' "false statements pertain to the disposition of estate assets." Pltf. Mem. (ECF No. 21), at 7. While this is true, it does not explain why the timing of the purchase offer is material. The Debtors clearly disclosed the closing date, sales price, and net proceeds in their SOFA. The U.S. Trustee does not offer any satisfying explanation of how the timing of the offer could impact the chapter 7 trustee's administration of this case.

Indeed, most of the U.S. Trustee's arguments relate not to this case, but to *In re Absorbent Technologies, Inc.,* Case No. 13-31286-tmb7 (District of Oregon). Absorbent Technologies was a creditor of debtor David Moffenbeier. Mr. Moffenbeier negotiated with the trustee of the Absorbent Technologies estate, ultimately reaching an agreement to satisfy his debt to that estate for less than face value. The U.S. Trustee argues that Moffenbeier knew of the pending home sale during these negotiations, and that the sale could have been relevant to that trustee's decision to compromise the estate's claim against Moffenbeier. This may well be true, but I conclude that the harsh sanction created by § 727(a) is only justified if a false statement impacts the administration of the *debtor's* case. Here, Debtors' alleged omissions may have impacted the administration of *another* case, and they may even violate various provisions in title 18, U.S. Code; however, I do not believe that they were material to the administration of this case, which is a requirement for denial of discharge under § 727(a). The U.S. Trustee addresses this issue by arguing that the omissions "are material because they relate to the existence of and facts relating to the claims of a *potential* creditor, the Absorbent Estate." Pltf. Mem., at 7 (emphasis added). This allusion to an unspecified, hypothetical third-party claim is not enough to defeat Debtors' Motion.

In conclusion, I agree with Debtors that the false statements alleged in paragraphs 61(a) and (b) of the Complaint are not material to the administration of this case. In resisting the Motion, the U.S. Trustee argues that these omissions "should . . . be considered in the context of the whole case." Pltf. Mem., at 8. This statement is well taken. To the extent that the Debtors did conceal

---

[1] The U.S. Trustee alleges that Debtors made false representations at the meeting of creditors regarding the disposition of the sale proceeds. Any such misstatements would be relevant to other claims raised in the complaint, but are not relevant to this Motion, which is strictly limited to Debtors' statements regarding the timing of the offer.

facts regarding the sale of their home, these facts may be relevant to other claims pleaded in the complaint, and the U.S. Trustee is free to make those connections while prosecuting her other claims. Nonetheless, standing alone, the allegations in paragraphs 61(a) and (b) are insufficient as a matter of law to support denial of Debtors' discharge under § 727(a).

Counsel for Debtors should upload an order granting the Motion within fourteen days of the date of this letter.

Very truly yours,

Trish M. Brown