

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF OREGON**

**TRISH M. BROWN**
CHIEF JUDGE

1001 S.W. FIFTH AVENUE, # 700
PORTLAND, OREGON 97204
(503) 326-1592

STEPHEN A. RAHER
LAW CLERK

SUZANNE M. MARX
JUDICIAL ASSISTANT

March 9, 2017

Carla Gowen McClurg
Office of the United States Trustee
620 SW Main St., Room 213
Portland, OR 97205

Robert J. Vanden Bos
Vanden Bos & Chapman, LLP
319 SW Washington St., Suite 520
Portland, OR 97204

**VIA CM/ECF ONLY**

Re:  *U.S. Trustee v. Moffenbeier*, Adv. Proc. No. 16-3090-tmb
*In re David & Elizabeth Moffenbeier*, Case No. 16-31315-tmb7

Counsel:

The above-referenced adversary proceeding came before the court for trial on February 23, 2017.  At the conclusion of the trial I ruled for defendant David Moffenbeier.  I write today to explain the basis for my ruling.

The U.S. Trustee pleads three claims under § 727(a)(4)(A) of the Bankruptcy Code.  First, the U.S. Trustee seeks to deny Mr. Moffenbeier a discharge for alleged false statements in his original Statement of Financial Affairs (ECF No. 1, the "Original SOFA").  To prevail on a claim under § 727(a)(4)(A), a plaintiff must prove by a preponderance of the evidence that "(1) there was a false statement under oath or penalty of perjury; (2) made knowingly and fraudulently; and (3) regarding a material fact." *Searles v. Riley (In re Searles)*, 317 B.R. 368, 377 (9th Cir. BAP 2004).  Proof that a debtor acted with fraudulent intent must be actual, not constructive. *Fogal Legware of Switzerland v. Wills (In re Wills)*, 243 B.R. 58, 64 (9th Cir. BAP 1999).  A debtor's intent "may be found from the surrounding circumstances and certain 'badges of fraud.'" *Id.*  A fact is material "if it bears a relationship to the debtor's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of the debtor's property." *Id.* at 62.  On the other hand, "a false statement or omission that has no impact on a bankruptcy case is not material and does not provide grounds for denial of a discharge under § 727(a)(4)(A)." *Khalil v. Developers Sur. & Indem. Co. (In re Khalil)*, 379 B.R. 163, 172 (9th Cir. BAP 2007).

Here, Mr. Moffenbeier concedes that certain statements on the Original SOFA were inaccurate.  The evidence also shows that Mr. Moffenbeier voluntarily disclosed those inaccuracies at the reconvened § 341(a) meeting of creditors (the "MOC") and promptly filed an amended SOFA correcting the previous deficiencies (ECF No. 8, the "Amended SOFA").  "The fact of prompt correction of an inaccuracy or omission may be evidence probative of lack of fraudulent intent." *Searles*, 317 B.R. at

377. Mr. Moffenbeier testified that the inaccuracies in the Original SOFA were the result of his misunderstanding the scope of the pertinent questions. I find his testimony credible. Moreover, the fact that Mr. Moffenbeier asked to amend his MOC testimony within twenty minutes of the original conclusion indicates a lack of fraudulent intent. The Amended SOFA appears to contain a comprehensive and accurate list of preferential and gratuitous transfers, thus corroborating Mr. Moffenbeier's testimony that he intended to accurately disclose all information that was required under applicable bankruptcy law. The U.S. Trustee argues that Mr. Moffenbeier made the subsequent disclosures because he knew discovery of the inaccuracy was imminent. The U.S. Trustee did not prove this allegation, and therefore the first claim for relief will be dismissed with prejudice.

The U.S. Trustee's second claim is for denial of discharge based on alleged false statements made under oath at the MOC. This claim fails for largely the same reasons cited above. Both of these holdings are also consistent with this court's decision in *Hildebrand v. Browning*, Adv. Proc. No. 07-3171 (Bankr. D. Or. Mar. 13, 2008) (Perris, J.). The debtors in *Hildebrand* disclosed that they had owned a business, but failed to disclose relevant liquidating transactions in their bankruptcy documents or at their meeting of creditors. Although the debtors in *Hildebrand* subsequently corrected these omissions, they did not do so until a month after the meeting of creditors—a stark contrast to Mr. Moffenbeier's prompt amendment in this case. Just like the *Hildebrand* debtors disclosed their prior ownership of the business (while omitting certain transactions), so too did Mr. Moffenbeier disclose the sale of his former residence (while omitting details about the disposition of the sales proceeds). Mr. Moffenbeier's frank disclosure of the sale indicates a lack of intent to conceal the related transactions from the trustee.

In *Hildebrand*, the court looked to three sources of evidence to determine whether the debtors' false statements were knowing and fraudulent: deposition testimony, surrounding circumstances, and trial testimony. In looking at the same sources of evidence in this case, I find that Mr. Moffenbeier has adequately explained that the omissions in his bankruptcy documents and his sworn testimony were not intentional, but rather were based on his misunderstanding of the nature of the questions and overlooking transactions that had happened approximately nine months earlier. The MOC testimony reinforces Mr. Moffenbeier's explanation of the unintentional nature of the omissions because he corrected the errors as quickly as was practicable under the circumstances. The deposition and trial testimony also weigh in favor of Mr. Moffenbeier because he provided a logical and credible explanation for why he made the oversight in the first place. Plaintiff is free to rebut Mr. Moffenbeier's explanation by pointing to other badges of fraud, but after having nearly nine months to assemble such evidence, the U.S. Trustee has not been able to sufficiently impeach Mr. Moffenbeier's testimony.[1] Accordingly, the second claim for relief will be dismissed with prejudice.

[1] The U.S. Trustee's primary attempt to show circumstantial evidence of fraudulent intent focused on statements Mr. Moffenbeier made to the chapter 7 trustee in *In re Absorbent Technologies*, Case No. 13-31286-tmb7. As an initial matter, the U.S. Trustee's allegation that Mr. Moffenbeier made material misrepresentations in the *Absorbent* case is very weak. But assuming, without deciding, that Mr. Moffenbeier did conceal information from the *Absorbent* trustee, none of his alleged misstatements were under oath and thus I do not find that this evidence is relevant to the present proceeding.

Finally, as her third claim, the U.S. Trustee seeks denial of discharge based on two allegedly false statements made by Mr. Moffenbeier in a Rule 2004 examination that took place on June 20, 2016 (the "2004 Exam"). Very little evidence or argument at trial addressed this claim. Ultimately, the U.S. Trustee did not carry her burden of proof. I note that both of the statements that form the basis for the third claim relate to gift and loan transactions between Debtors and their adult daughter, Lisa. Mr. Moffenbeier's testimony that he was confused about how some of the bankruptcy questions related to his transactions with Lisa is credible. For purposes of the Bankruptcy Code, certain transactions were considered "gifts" that would not ordinarily have been thought of as such; and, Mr. Moffenbeier had a reasonable, if incorrect, basis for disregarding forgiven loans when responding to questions at the 2004 Exam. In addition, the low-dollar amount and high number of transactions between Debtors and Lisa explains occasional misstatements regarding specific amounts. I am also persuaded that the third claim fails because of what the U.S. Trustee *does not* allege. Namely, all of the relevant transactions between Debtors and Lisa were detailed in the Amended SOFA, which was filed more than three weeks before the 2004 Exam. After examining the Debtors under oath and pursuing extensive discovery, the U.S. Trustee has not pointed to any inaccuracies in the Amended SOFA. The relatively minor misstatements alleged in connection with the third claim are not material, and thus I will dismiss this claim with prejudice.

At trial, the U.S. Trustee argued that Mr. Moffenbeier's misstatements warrant denial of discharge because the integrity of the bankruptcy system depends on honest and forthright disclosure by debtors. I agree that accurate voluntary disclosure is critical to the system, but I do not find that any of Mr. Moffenbeier's misstatements threatened the successful administration of this case. To the contrary, Mr. Moffenbeier promptly amended his inaccurate statements and provided detailed information to the chapter 7 trustee. There is absolutely no evidence that the trustee's administration of the case was impeded by Mr. Moffenbeier, and I find defendant's explanation of his initial misstatements credible and persuasive. I therefore conclude that the U.S. Trustee has not proven that Mr. Moffenbeier made knowing, false oaths in connection with this case. Counsel for Mr. Moffenbeier should upload a judgment within 14 days of the date of this letter.

Very truly yours,

Trish M. Brown
Bankruptcy Judge

cc:     Amy Mitchell